**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| HEALTHY VISION ASSOCIATION, ET. AL. | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| AMANDA CRAWFORD, in her official | § | |
| capacity as Commissioner of the Texas | § | **No. 5:23-CV-167-H** |
| Department of Insurance. | § | |
| *Defendants.* | § | |
| | § | |

## STATE OF TEXAS'S MOTION TO INTERVENE

The State of Texas (the "State") files this Motion to Intervene in the above-referenced lawsuit. Plaintiffs complain that as amended, Texas House Bill 1696 (H.B. 1696), 88th Leg., R.S. (2023), Sec. 3, §§ 1451.151, 1451.153(4), and 1451.153(5) unconstitutionally violates their rights to commercial speech, freedom of association, and equal protection under the First and Fourteenth Amendments of the United States Constitution. *Id.* at 18–32. Plaintiffs sought a declaration and permanent injunction that the challenged provisions of H.B. 1696 violate the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 and are therefore unenforceable. *Id.* at 32. On February 19, 2026, the Court granted Plaintiff's Motion for Summary Judgment, permanently enjoining the Texas Department of Insurance from enforcing the challenged provisions of H.B. 1696. Dkt. 110. The Court further denied defendant's, Dkt. 90, and intervenor-defendants', Dkt. 93, motions for summary judgment. *Id.* In her official capacity as

Commissioner of the Texas Department of Insurance ("TDI"), Defendant Crawford[1] does not wish to prosecute an appeal; thus, the Attorney General desires to intervene for the sole purposes of defending the constitutionality of the statute. The State, if allowed to intervene, would appeal the final judgment of this Court.

## I.    INTRODUCTION

Governor Abbott signed House Bill 1696 ("HB 1696") into law on June 14, 2023, and it became effective January 1, 2024. Tex. H.B. 1696, 88th Leg., R.S. (2023), Sec. 3, § 1451.153(4), (5). Before HB 1696 was scheduled to take effect, Plaintiffs brought this lawsuit asserting that provisions set to be codified at sections 1451.153(a)(4) and (5) of the Insurance Code violate Plaintiffs' constitutional rights to associate and engage in commercial speech. Dkt. 1. The provisions at issue preclude managed care plans from engaging in certain activities.

Specifically, Plaintiffs' allege H.B. 1696 "restricts the right of vision care insurers and providers to communicate the cost-saving aspects of their own vision care services to insureds and prevents patients from receiving information important to their health care decisions. By preventing Texas citizens from accessing such information, the Legislature has improperly put its thumb on the scale of a free and competitive market by eliminating consumers' ability to learn of additional, potentially more favorable options available to them, along with vision insurance plans' ability to freely and truthfully communicate such information." *Id.* at 5-6. Plaintiffs' believe the challenged provisions of HB 1696, apply to truthful and nonmisleading speech concerning lawful

---

[1] Plaintiffs originally brought this suit against Cassie Brown, in her official capacity as Commissioner of the Texas Department of Insurance. Dkt. 1. Former Commissioner Brown concluded her service and retired on February 2, 2026. Following her appointment by Governor Abbott, Commissioner Crawford assumed her role as the Texas Insurance Commissioner on February 3, 2026.

activity, "frustrates the asserted state interests of transparency and patient choice[,]" and "constrains its activities." *Id.* at 5.

Shortly after filing their Complaint, Plaintiffs sought a TRO and preliminary injunction to bar enforcement of the statute. Dkt. 6-8. Defendants moved to dismiss on sovereign immunity and merits grounds. Dkt. 12-13. The Court denied the motion to dismiss, Dkt. 56, and granted a preliminary injunction, Dkt. 57, prompting Defendants to pursue an interlocutory appeal of both rulings. Dkt. 58.

On appeal, the Fifth Circuit held that Plaintiffs were likely to succeed on their commercial speech claims and that the equities supported injunctive relief against Defendant Brown. The court, however, disagreed with this Court as to the sovereign immunity of the remaining defendants[2] and as to Plaintiff's free-association and equal protection claims. Accordingly, the Fifth Circuit affirmed in part the denial of the motion to dismiss.  On remand, the parties moved for summary judgment on Plaintiffs' claims.

Because Plaintiffs are specifically challenging the constitutionality of HB 1696, the State has the right to intervene in this cause of action to protect its validly implemented laws.

## II.    ARGUMENT AND AUTHORITIES

The State respectfully requests that the Court allow it to intervene to ensure the rights of the State are protected in relation to HB 1696. Plaintiffs' Complaint challenges the constitutionality of its validly implemented law, under the First and Fourteenth Amendments to

---

[2] The Office of the Attorney General previously represented Governor Gregg Abbott and Attorney General Ken Paxton, in their official capacities as Governor of the State of Texas and Attorney General of the State of Texas, respectively; however, the Court dismissed the claims against them based on lack of subject matter jurisdiction. Dkt. 78.

the United States Constitution, and the State desires to enter the lawsuit to defend the constitutional challenges raised by Plaintiffs.

The State is an intervenor as a matter of right. A party must be allowed to intervene so long as they have either a statutory right to intervene or have an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(a); 28 U.S.C. § 2403(b). Here, the State's interest in upholding its laws would be impaired or impeded if it were not permitted to intervene as to the constitutional issues asserted by Plaintiff. Alternatively, the State requests it be permitted to intervene pursuant to Fed. R. Civ. P. 24(b) as it has an unquestionable interest in the constitutionality of HB 1696.

### A.  The State is an Intervenor of Right.

The State has the right to intervene pursuant to 28 U.S.C. § 2403(b). As detailed throughout this Motion, the constitutionality of HB 1696 has been challenged by Plaintiffs. As a result, the State should be allowed to defend  the constitutionality of HB 1696 by prosecuting an appeal of the Court's Final Judgment. Intervention is appropriate based on statutory authority and the State's interest in the litigation.

The Fifth Circuit has developed a four-prong test for determining whether an intervention is considered as of right: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the subject matter of the litigation; (3) the applicant must be so situated that the outcome of the case may, as a practical matter, impair or impede the applicant's ability to protect that interest; and, (4) the interest must be one that is not adequately represented by the

existing parties. *New Orleans Pub. Serv., Inc. v. United Gas Pipeline Co.,* 690 F.2d 1203, 1208 (5th Cir. 1982). Here, each factor weighs in support of the State's intervention as of right, and the State should be permitted to intervene.

### 1. **The Motion is Timely.**

This Motion is timely and filed without delay. On February 19, 2026, this Court entered its Final Judgment denying the defendant's and intervenor-defendants' motions for summary judgment, granting plaintiffs' motion for summary judgment, and enjoining the defendant from enforcing Texas Insurance Code §§ 1451.151, 1451.153(4), and 1451.153(5) against the plaintiffs or their members. Dkt. 111.

When determining whether an intervention is timely, courts consider (1) the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and, (4) the existence of unusual circumstances militating either for or against a determination that the application is timely. *Sommers v. Bank of Am., N.A.,* 835 F.3d 509, 512-13 (5th Cir. 2016). The timeliness of a mandatory intervention is "lenient." *See Rotstain v. Mendez,* 986 F.3d 931, 942 (5th Cir. 2021).

This Motion is timely because the prejudice to the State's interests in defending the constitutionality of the statute only recently became apparent, when the Defendant determined it did not intend to appeal the Court's Final Judgment, and it acted promptly upon learning of this

risk. Moreover, the motion was filed in advance of the March 20, 2026, deadline to appeal, confirming that intervention will not disrupt the proceedings or prejudice any existing party.

> **2. The State of Texas has an interest related to the subject matter of the litigation and the outcome of this case impairs its ability to protect that interest.**

The State certainly has an interest related to the subject matter of the litigation. An interest includes something that is direct, substantial and legally protectable. *Saldano v. Roach,* 363 F.3d 545, 551 (5th Cir. 2004). Here, the State has an interest in defending the constitutionality of its validly implemented laws.

> **3. The State's Interest is not represented by any existing party.**

Because the Defendant does not intend to further defend the constitutionality of HB 1696, the State's interest of defending the constitutionality of its laws is not represented by an existing party.

## CONCLUSION

Because the State's Motion is timely and it may intervene as a matter of right, Fed. R. Civ. P. 24 and 28 U.S.C. 2403(b), the State of Texas respectfully requests this Court grant this motion thereby allowing it to intervene in this lawsuit for the sole purpose of prosecuting an appeal.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Brianna M. Krominga*
**BRIANNA M. KROMINGA**
Assistant Attorney General
Texas Bar No. 24103252
Assistant Attorneys General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(214) 290-8884 / Fax (512) 320-0667
Brianna.Krominga@oag.texas.gov

**COUNSEL FOR INTERVENOR**

## CERTIFICATE OF CONFERENCE

Before filing this Motion, counsel for the State of Texas conferred with plaintiffs' counsel, Leigha Simonton, on the contents of this Motion. On March 16, 2026, Ms. Simonton confirmed Plaintiffs oppose this motion.

*/s/ Brianna M. Krominga*
**BRIANNA M. KROMINGA**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served electronically through the court's CM/ECF electronic-filing system on this March 19, 2026, on all counsel of record.

/s/ Brianna M. Krominga
**BRIANNA M. KROMINGA**
Assistant Attorney General